Robert J. Maynes
**MAYNES TAGGART, PLLC**
525 S. Park Ave., Suite 2E
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: mayneslaw@hotmail.com
Idaho State Bar No. 6905

*Counsel for Debtor/Debtor-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 13-41437 JDP |
|---|---|
| WALKER LAND & CATTLE, LLC, | Chapter 11 |
| Debtor. | |

**MOTION FOR USE OF CASH COLLATERAL AND AUTHORITY TO ENDORSE CHECKS; AND NOTICE OF INTENT TO OFFER EVIDENCE AND TESTIMONY**

COMES NOW the Debtor and Debtor-In-Possession and hereby moves pursuant to 11 USC § 363, Federal Rule of Bankruptcy Procedure 4001(b) and Local Bankruptcy Rule 4001.1 for authorization to use cash collateral.

This Motion is based upon the following:

1.     DEBTOR.  Walker Land & Cattle, LLC is a large multimillion-dollar farming operation in the Greater Idaho Falls area.  It raises primarily alfalfa, potatoes and grain on over 8,000 acres and employs over 60 people.  The Walker family began farming over 50 years ago.

2.     AMOUNT & SOURCE. At present those cash collateral proceeds are and are anticipated to be:

| Source | Amount of Cash Proceeds |
|---|---|
| Grain Sales | $ 325,920.00 |
| Potato Sales | 300,000.00 |
| Compost Sales | 156,050.00 |
| FSA Program Payments (included in Beginning Cash Balance on the Emergency/Interim Budget) | 51,616.75 |

The Debtor respectfully requests authorization to use cash collateral as set forth below. The Debtor's requests such authorization *nunc pro tunc* to the inception of the case to the extent cash collateral may have been used.

  3. IDENTITY OF ALL ENTITIES WITH ALLEGED SECURED INTERESTS.[1]  To the best of Debtor's knowledge, information and belief, the following parties are all the entities who may have alleged secured interests in cash collateral:

  a. Wells Fargo Bank, NA;

  b. Rabo Agri Finance, Inc.;

  c. Rabo Bank, NA;

  d. Commercial Credit Group, Inc. and

  e. Agri-Stor Company East.

The creditors noted here below have filed a large number of UCC Financing Statements. The Debtor believes that these creditors do **not** have an interest in cash collateral (their respective interests appear to be in equipment), but have listed these creditors here out of an abundance of caution and to provide notice to such creditors of this Motion. A copy of this Motion has also been served on these creditors. These creditors are as follows:

  f. Deere & Company; and

  g. Deere Credit, Inc..

---

[1] Debtor reserves all rights to contest the validity of any and all liens under applicable state law and the United States Bankruptcy Code.

MOTION FOR USE OF CASH COLLATERAL AND NOTICE OF INTENT TO OFFER EVIDENCE AND TESTIMONY
Page 2

To the best knowledge, information, and belief of the Debtor the above listed creditors are the only parties alleging a secured interest in cash collateral.  No other creditors, to the knowledge of Debtor, currently alleges or may allege a secured position in the cash collateral.

4.  SEGREGATED ACCOUNTS.  Debtor's cash and cash collateral are in the process of being transferred from the prepetition account to the post-petition DIP account.  Post-petition proceeds will be deposited into the DIP account.  Post-petition service revenue, if any, will be deposited into a separate DIP operating account (separate from the cash collateral) and used in the ordinary course of business.

5.  DEMONSTRATION OF NEED.  Debtor requires the use of cash collateral in order to pay its general operating expenses from November 15, 2013 to December 18, 2013, as set forth in the corresponding Budget attached as Exhibit "A" to the Affidavit of Roland N. (Rollie) Walker and incorporated by reference.  Without Court permission to use cash collateral pending presentation and confirmation of a chapter 11 Plan of Reorganization, the Debtor will be unable to reorganize. Debtor requests authorization to use such cash collateral to pay operating expenses.  It is necessary for the Debtor to use this cash collateral in order to continue operating and propose and implement a successful plan of reorganization.  It is necessary for the Debtors to use this cash collateral in order to continue the Debtors' farming operation and implement a successful plan of reorganization. **THE DEBTOR IS IN THE PROCESS OF COMPLETING ITS SIX-MONTH PROJECTED BUDGET.  UPON COMPLETION, THE SIX-MONTH BUDGET SHALL BE FILED AS A SUPPLEMENT TO THIS MOTION.**

6. ADEQUATE PROTECTION. The Debtor is willing to give adequate protection to the above-listed creditors by granting a revolving post-petition adequate protection lien in post-petition receivables, to the same extent, value and priority as existed as of the petition date, to the extent of cash collateral actually used, and to the extent that the respective real properties do not have a sufficient equity cushion to adequately protect said creditors. If the Court determines the adequate protection proposed by the Debtor is insufficient, then Debtor requests that a determination be made as to the amount to be paid as adequate protection.

7. PRIORITY AND VALIDITY OF SECURITY INTERESTS. The exact priority of each alleged security interest is undetermined. Further, the Debtor is uncertain whether any of the above-listed creditors may have invalid and/or avoidable security interests. To the extent that adequate protection in the form of cash payments is required by the Court, the Debtor requests that such payments be made to a segregated interest-bearing account that the Debtor-In-Possession will maintain in trust pending determination of the validity and relative priority of the respective security interests, subject to such further restrictions on said account as the parties agree and as the Court deems advisable.

8. EXPENSES NEEDED ON INTERIM BASIS. Debtor requests that this Court conduct a preliminary hearing before any final scheduled hearing on this Motion, or grant an *ex parte* order granting the use of cash collateral. The failure to conduct such a preliminary hearing could cause the immediate and irreparable damage to the grain and potato inventory.[2] Debtor needs, on a preliminary basis pending final hearing, the amounts noted in the attached Exhbit "A" which is incorporated by refence. Each of the

---

[2] Crop inventory requires ongoing application of chemicals to preserve value.

MOTION FOR USE OF CASH COLLATERAL AND NOTICE OF INTENT TO OFFER EVIDENCE
AND TESTIMONY
Page 4

Document      Page 5 of 7

expenses described in this section are a part of the expenses outlined hereinbefore, and are not in addition to those other expenses.

9.  **AUTHORITY TO ENDORSE JOINT CHECKS**.  The Debtor understands that grain and potato purchasers intend to issue joint checks for grain and potato shipments.  Debtor hereby requests authority to endorse any and all joint checks in order to desposit the same into the DIP account.

**NOTICE OF INTENT TO PRESENT EVIDENCE AND TESTIMONY**

YOU ARE HEREBY GIVEN NOTICE, pursuant to Rule 9014.1 of the Local Bankruptcy Rules, that the Debtor intends to present testimony and evidence at the preliminary and final hearings on this Motion

DATED:     November 21, 2013

/s/ *Robert J. Maynes*  
ROBERT J. MAYNES

Page 5

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2013, I filed a copy of the attached MOTION FOR USE OF CASH COLLATERAL AND NOTICE OF INTENT TO OFFER EVIDENCE AND TESTIMONY with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

PARTIES SERVED:

Thomas Timbridge Bassett on behalf of Creditor Helena Chemical Company
tom.bassett@klgates.com, pam.miller@klgates.com

Larry E Prince on behalf of Creditor Wells Fargo Bank NA
lprince@hollandhart.com,tahancock@hollandhart.com;boiseintaketeam@hollandhart.com

US Trustee
ustp.region18.bs.ecf@usdoj.gov

And as otherwise noted on the Court's Notice of Electronic Filing.

I HEREBY CERTIFY FURTHER that on November 21, 2013, I served a copy of the above referenced pleading(s) on the following parties via postage prepaid, first class, U.S. Mail:

PARTIES SERVED:

## TWENTY LARGEST UNSECURED CREDITORS

| | | |
|---|---|---|
| O3 Zone Co., Inc.<br>1070 Riverwalk Drive, Suite 200<br>Idaho Falls, ID 83402 | AGRI-Stor Company<br>P.O. Box 537<br>Blackfoot, ID 83221 | American Pump Co.<br>P.O. Box 267<br>Ucon, ID 83454 |
| Conrad and Bischoff, Inc.<br>P.O. Box 50106<br>Idaho Falls, ID 83405 | Crop Production Serv., Inc.<br>Idaho Falls Terminal<br>3030 E. 49th N. Telford Rd.<br>Idaho Falls, ID 83401 | Crop Production Serv., Inc.<br>Blackfoot, ID Terminal<br>P.O. Box 1070<br>Blackfoot, ID 83221 |
| Dorothy M. Walker, FLP<br>3533 Sun Circle<br>Idaho Falls, ID 83404 | Helena Chemical Co.<br>*ECF NOTICE as noted above.* | Lyle Shupe<br>2296 E. 1950 N.<br>Hamer, ID 83425 |
| Maupin Welding<br>P.O. Box 32<br>Rexburg, ID 83440 | Nature's Way, Inc.<br>3795 West Minister Place<br>Idaho Falls, ID 83404 | Northwestern Mutual Life<br>P.O. Box 3007<br>Milwaukee, WI 53201-3007 |
| Parkinson Seed Farm, Inc.<br>P.O. Box 326<br>Saint Anthony, ID 83445 | Rain for Rent, Inc.<br>File 52541<br>Los Angeles, CA 90074-2541 | Reynolds Farms<br>1033 NE 6th Ave.<br>Portland, OR 97256 |
| Rocky Moutnain Power<br>1033 NE 6th Ave.<br>Portland, OR 97256 | State Insurance Fund<br>P.O. Box 990002<br>Boise, ID 83799-0002 | The Roland L. Walker & Dorothy M. Walker Family Trust<br>3533 Sun Circle<br>Idaho Falls, ID 83404 |
| Vista Valley AG, Inc. | Walker Produce Co., Inc. | |

MOTION FOR USE OF CASH COLLATERAL AND NOTICE OF INTENT TO OFFER EVIDENCE AND TESTIMONY
Page 6

| | | |
|---|---|---|
| P.O. Box 626<br>Ririe, ID 83443 | 1070 Riverwalk Dr., Suite 200<br>Idaho Falls, ID 83402 | |
| **OTHER INTERESTED PARTIES** | | |
| Rabo Agri Finance, Inc.<br>Rabo Bank, NA<br>One City Place Drive, Suite 200<br>St. Louis, MO 63141 | Wells Fargo Bank, NA<br>*ECF Notice as noted above.* | Deere & Company<br>Deere Credit, Inc.<br>6400 NW 86th St.<br>Johnston, IA 50131 |
| Agri-Stor Company East<br>P.O. Box 537<br>Blackfoot, ID 83221 | Commercial Credit Group, Inc.<br>2056 Westings Ave., Suite 280<br>Naperville, IL 60563 | |

DATE: November 21, 2013

*/s/ Robert J. Maynes*_____
ROBERT J. MAYNES