Robert J. Maynes ISB No. 6905
**MAYNES TAGGART, PLLC**
525 S. Park Ave., Suite 2E
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: mayneslaw@hotmail.com

*Counsel for Debtor/Debtor-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 13-41437 JDP |
|---|---|
| WALKER LAND & CATTLE, LLC, | Chapter 11 |
| Debtor. | |

**MOTION FOR AUTHORITY TO INCUR SECURED CREDIT**
**11 USC § 365(c) and (d)**

COMES NOW, the Debtor and Debtor-in-possession (Debtor) and hereby moves this Court for an order authorizing the Debtor to enter into the secured transaction hereafter described pursuant to 11 U.S.C. §364(c) and (d). This Motion is based upon the following information:

1.     The Debtor is an Idaho limited liability company formed on April 27, 2004; however, the Walker family has farmed in Eastern Idaho for over fifty (50) years. Debtor farms alfalfa, potatoes and grain in eastern Idaho on 12,000 acres, approximately 8,500 acres which the Debtor owns.

2.     Debtor requests authority to incur secured credit with CHS CAPITAL, LLC (CHS Capital) in an amount not to exceed the sum of $5,200,000.00, together with reasonable interest thereon.  The Debtor has no prior relationship with CHS Capital.  The

purpose shall be to finance crop inputs of fertilizer, chemical, and fuel purchased from Valley Wide Cooperative and Valley Agronomics. Loan draws shall made as set forth in the Debtor's proposed cash collateral budget. A copy of the Debtor's proposed cash collateral budget is attached to the Debtor's pending Motion for Use of Cash Collateral (Dkt. 245) (also set for hearing April 10, 2014) and incorporated by reference. Debtor has been unable to obtain unsecured credit for these purposes. To the extent required, any and all liens existing at this time, shall be subordinated in the crops to be raised by Debtor during the same crop season. The Debtor is unable to obtain credit (except as hereinafter set forth) for its farming operation for the upcoming season. The Debtor requests authority to enter into the following secured transaction:

  a. Lender/Creditor: CHS Capital;

  b. Co-obligors/Guarantors: All shareholders of the debtor, and Walker Produce, Inc.;

  c. Loan Amount: An amount not to exceed $5,200,000.00, or the actual cash value of fertilizer, chemical, and fuel purchases from Valley Wide Cooperative and Valley Agronomics, whichever is less. CHS Capital shall not be obligated to provide additional financing for any purpose beyond what is contained herein.

  d. Interest Rate/Loan Closing Fees: 7.00% variable rate.

  e. Loan Closing Fees: Loan Fee - $3,500.00.

  f. Loan Maturity: January 31, 2015.

MOTION FOR AUTHORITY TO INCUR SECURED CREDIT 2

    g.  Payment Term:  Principal and interest to be paid in accordance with the cash repayment schedule provided in Walker Land & Cattle's 2014 crop and cash flow budget, but in no case later than loan maturity date.

    h.  Late Payment Fees:  5% of the outstanding loan balance if not paid off by maturity date.

    i.  Loan Type:  Declining Balance, non-revolving crop input loan.

    j.  Loan Purpose:  Proceeds to be used exclusively for crop input purchases made through Valley Wide Cooperative and Valley Agronomics.

    k.  Security/Collateral:

    1) Perfected security interest and super priority first (1st) lien position on all 2014 crop, accounts and proceeds thereof.  First (1st) Deed of Trust (DOT) mortgage on 215.91 acres of land, including but not limited to, three (3) parcels known as the Feedlot Farm – 76.9-1 acres, the Sauer Farm – 79 acres, and the Yazzie Farm – 60 acres.

    2) Secondary mortgages, subject to existing mortgage lien holders, on all remaining farmland owned by Walker Land & Livestock.

    3) Perfected security interest and lien position, subject to existing lien holders, on all machinery and equipment.

    l.  Conditions Precedent:

    1)  Walker Land & Cattle to receive Federal Bankruptcy Court approval of the 2014 Crop Plan and Cash Flow Budget.

MOTION FOR AUTHORITY TO INCUR SECURED CREDIT    3

    2) Upon Court approval of 2014 Crop Plan and Cash Flow Budget, Walker Land & Cattle must verify to CHS Capital possession of sufficient cash and cash collateral to support the plan as presented.

    3) Walker Land & Cattle shall provide CHS Capital satisfaction of any and all encumbrance preventing CHS Capital from securing a first DOT on 215.91 acres of land as detailed in the security/collateral section above.  Debtor is unaware of any senior encumbrances.

    4) CHS Capital to be recognized by the Federal Bankruptcy Court as a Debtor In Possession/Crop Input Lender and be assured an unrestricted "Super Priority" first lien position on all 2014 crops and proceeds thereof until paid in full.

    5) Walker Land & Cattle to receive Federal Bankruptcy Court approval of their 2014 cash flow projections through and including scheduled timing of loan repayments to CHS Capital from 2014 crop sales.

    6) Walker Land & Cattle to provide CHS Capital with copies of monthly cash flow reports comparing Actual to Budgeted expenditures in accordance with the 2014 operating plan.  Reports to be received by the 10th of each month.

    7) Walker Land & Cattle to obtain 2014 crop insurance at levels acceptable to CHS Capital and provide CHS Capital with an assignment of insurance.

    8) CHS Capital to conduct post-plant and post-harvest inspections of crop and inventory.

    9) CHS Capital to be included as payee on checks and payments from barley sales as well as potato sales to Walker Produce Co.

MOTION FOR AUTHORITY TO INCUR SECURED CREDIT 4

And such other conditions as noted in the attached Commitment Letter, attached hereto as Exhibit "A" and incorporated by reference.

3. Debtor requests authority to execute such reasonable documents as may be required in order to effectuate the respective liens as requested and loan documents containing the terms described hereinbefore. In addition, Debtor shall supplement this Motion with the loan documents upon receipt of the same.

4. The Debtor hereby discloses to the Court and all parties in interest, that at this time the Debtor anticipates the repayment of CHS Capital's loan balance from the sale of the 2014 crop as contained in the 2014 Crop Plan and Budget.

5. Debtor needs to have this Court enter an Order granting the authority to enter into this secured transaction to continue Debtor's farming operation and effectuate its reorganization.

6. Debtor requests that this Court conduct a preliminary hearing on April 10, 2014 and a final hearing on April 23, 2014. The failure to conduct such preliminary hearing would preclude Debtor from being able to plant its 2014 crop and could cause immediate and irreparable harm to the estate. The Debtor further requests that this Motion be heard in conjunction with the Debtor's second Motion for Use of Cash Collateral scheduled on the same dates.

WHEREFORE, Debtor prays for authorization from this Court to enter into the transaction described above, and to grant CHS Capital a lien in the collateral described above.

**NOTICE OF INTENT TO PRESENT EVIDENCE AND TESTIMONY**

YOU ARE HEREBY GIVEN NOTICE, pursuant to Rule 9014.1 of the Local Bankruptcy Rules, that the Debtor intends to present testimony and evidence at the preliminary and final hearings on this Motion. The Debtor further intends to cross examine such witness as might be called by other parties, and/or submit rebuttal evidence and testimony.

DATED:     April 4, 2014

/s/ *Robert J. Maynes*_____
ROBERT J. MAYNES

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 4, 2014, I filed a copy of the **foregoing document** with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

PARTIES SERVED:

Thomas Timbridge Bassett on behalf of Creditor Helena Chemical Company
tom.bassett@klgates.com, pam.miller@klgates.com

Steven William Boyce on behalf of Creditor C&B Operations, LLC
swboyce@smithbanks.net, sknueppel@smithbanks.net

Kirk Sterling Cheney on behalf of Creditor Wells Fargo Bank NA
kscheney@hollandhart.com

Craig W Christensen on behalf of Creditor J R Simplot Company
cwcc@ida.net

Gregory L Crockett on behalf of Creditor Electrical Wholesale Supply Co., Inc.
gregcrockett@hopkinsroden.com, tammytheiler@hopkinsroden.com

Barry W Davidson on behalf of Creditor Unsecured Creditors Committee
bdavidson@dbm-law.net, cnickerl@dbm-law.net;sabrahamson@dbm-law.net;reception@dbm-law.net;ccusack@dbm-law.net

Bart M Davis on behalf of Creditor Bart M Davis
bartdavis@me.com, theresacarson@me.com

Karl R Decker on behalf of Interested Party Allyson K. Walker
kdecker@holdenlegal.com, jtimberlake@holdenlegal.com;chomer@holdenlegal.com

Karl R Decker on behalf of Interested Party Keith T. Walker
kdecker@holdenlegal.com, jtimberlake@holdenlegal.com;chomer@holdenlegal.com

Dan C Dummar on behalf of Creditor C&B Operations, LLC
dan@beardstclair.com

Monte C Gray on behalf of Creditor Unsecured Creditors Committee
montegray@cableone.net, livg@cableone.net;mikezlawoffice@cableone.net

Daniel C Green on behalf of Creditor Larsen Farms
dan@racinelaw.net, rag@racinelaw.net;sab@racinelaw.net;brc@racinelaw.net

Daniel C Green on behalf of Creditor Rabo Agrifinance, Inc.
dan@racinelaw.net, rag@racinelaw.net;sab@racinelaw.net;brc@racinelaw.net

MOTION FOR AUTHORITY TO INCUR SECURED CREDIT                                                        7

Charles A Homer on behalf of Interested Party Allyson K. Walker
chomer@holdenlegal.com, jtimberlake@holdenlegal.com;aulrich@holdenlegal.com

Charles A Homer on behalf of Interested Party Keith T. Walker
chomer@holdenlegal.com, jtimberlake@holdenlegal.com;aulrich@holdenlegal.com

Michael R Johnson on behalf of Creditor Rabo Agrifinance, Inc.
mjohnson@rqn.com, dburton@rqn.com;docket@rqn.com

R Ron Kerl on behalf of Creditor Deere & Company
Ron@cooper-larsen.com, kelli@cooper-larsen.com

Mary P Kimmel on behalf of U.S. Trustee US Trustee
ustp.region18.bs.ecf@usdoj.gov

Jay A Kohler on behalf of Interested Party Blair G Erickson
country@hartbros.com

Jay A Kohler on behalf of Interested Party Celia K Erickson
country@hartbros.com

David Henry Leigh on behalf of Creditor Rabo Agrifinance, Inc.
dleigh@rqn.com, sglendening@rqn.com

Bruce K Medeiros on behalf of Creditor Unsecured Creditors Committee
bmedeiros@dbm-law.net, sabrahamson@dbm-law.net;cnickerl@dbm-
law.net;reception@dbm-law.net

Joseph M Meier on behalf of Creditor Walker Produce Co., Inc.
jmeier@cosholaw.com, jbean@cosholaw.com

Stephen A Meikle on behalf of Creditor AAAUrethane, Inc.
sammeikle@msn.com

Derrick J O'Neill on behalf of Creditor U.S. Bank National Association
doneill@rcolegal.com, ecfid@rcolegal.com

Randall A Peterman on behalf of Creditor Commercial Credit Group Inc.
rap@moffatt.com,
kad@moffatt.com;ecf@moffatt.com;moffattthomas@hotmail.com;kgm@moffatt.com

Larry E Prince on behalf of Creditor Wells Fargo Bank NA
lprince@hollandhart.com, tahancock@hollandhart.com;boiseintaketeam@hollandhart.com

James A. Rubenstein on behalf of Creditor C&B Operations, LLC
Jim.Rubenstein@lawmoss.com

MOTION FOR AUTHORITY TO INCUR SECURED CREDIT                                       8

Lance J Schuster on behalf of Creditor C&B Operations, LLC
lance@beardstclair.com,
shaunie@beardstclair.com;hammer@beardstclair.com;jessica@beardstclair.com

Sheila Rae Schwager on behalf of Creditor c/o Sheila R. Schwager Crop Production Services,Inc.
sschwager@hawleytroxell.com, cdavenport@hawleytroxell.com

James A Spinner on behalf of Creditor Parkinson Seed Farm, Inc.
spinjim@cableone.net

Aaron J Tolson on behalf of Creditor Conrad & Bischoff
ajt@aaronjtolsonlaw.com

Aaron J Tolson on behalf of Creditor Sometimes A Great Notion Land And Cattle Company
ajt@aaronjtolsonlaw.com

Brian T Tucker on behalf of Creditor The Bank of Commerce
bttucker@nhptlaw.net

US Trustee
ustp.region18.bs.ecf@usdoj.gov

Jeffrey M Wilson on behalf of Creditor Toyota Motor Credit Corp
jeff@wilsonmccoll.com, cindy@wilsonmccoll.com

And as otherwise noted on the Court's Notice of Electronic Filing.

     I HEREBY CERTIFY FURTHER that on April 4, 2014, I served a copy of the above referenced pleading(s) on the following parties via postage prepaid, first class, U.S. Mail:

PARTIES SERVED:

UNSECURED CREDITORS COMMITTEE:

| Mr. Robert A. Richner | Mr. John Moffitt | Mr. Brett Reynolds |
|---|---|---|
| Crop Production Service, Inc. | Helena Chemical Company | Reynolds Farms |
| 4914 Hwy 20/26 | 1010 E. Kartchner | 1196 N. 3700 E. |
| Caldwell, ID 83605 | Pasco, WA 99301 | Ashton, ID 83420 |

     DATE: April 4, 2014

     */s/ Brenda L. Green*_____
     Brenda L. Green

MOTION FOR AUTHORITY TO INCUR SECURED CREDIT   9

CHS Capital
2910 E 57th, Ste 5 #290
Spokane, WA
99223-9223

Customer Service
800-323-8916
chsinc.com

March 25, 2014

Walker Land & Cattle, LLC
1070 Riverwalk Drive, Ste 200
Idaho Falls, Idaho 83402

Gentlemen:

CHS Capital, LLC (CHS Capital) is pleased to provide Walker Land and Cattle, LLC with this "Conditional Commitment" to provide a $5.2 million loan for purposes of financing crop inputs of fertilizer, chemical, and fuel purchased from Valley Wide Cooperative and Valley Agronomics. This commitment to finance is conditional and subject to the terms and conditions contained herein, completed to the full satisfaction and approval of CHS Capital.

Terms of the commitment are as follows:

| | |
|---|---|
| Borrower: | Walker Land & Cattle, LLC |
| Co-obligors/Guarantors: | Required of all owners and certain related entities. |
| Loan Amount: | An amount not to exceed $5,200,000.00, or actual cash value of fertilizer, chemical, and fuel purchases from Valley Wide Cooperative and Valley Agronomics, whichever is less. CHS Capital shall not be obligated to provide additional financing for any purpose beyond what is contained herein. |
| Interest Rate/ Loan Closing Fees: | 7.00% variable rate<br>Loan Fee – $3,500.00 |
| Loan Maturity: | January 31, 2015 |
| Payment term: | Principal and Interest to be paid in accordance with cash repayment schedule as provided in Walker Land & Cattle court approved 2014 crop and cash flow budget; but in no case later than loan maturity date. |
| Late Payment Fees: | 5% of outstanding loan balance if not paid by Maturity Date. |
| Loan Type: | Declining Balance, non-revolving crop input loan. |
| Loan Purpose: | Proceeds to be used exclusively for crop input purchases made through Valley Wide Cooperative and Valley Agronomics. |

EXHIBIT "A"

Walker Land and Cattle, LLC
March 25, 2014

| | |
|---|---|
| Security/Collateral: | Perfected security interest and super priority first (1st) lien position on all 2014 crop, accounts and proceeds thereof. |

First (1st) Deed of Trust (DOT) mortgage on 215.91 acres of land, including but not limited to, 3 parcels known as the Feedlot Farm - 76.91 acres, the Sauer Farm – 79 acres, and the Yazzie Farm – 60 acres.

Secondary mortgages, subject to existing mortgage lien holders, on all remaining farmland owned by Walker Land & Livestock.

Perfected security interest and lien position, subject to existing priority lien holders, on all machinery and equipment.

Conditions Precedent to loan commitment:

(1) Walker Land & Cattle to receive Federal Bankruptcy Court approval of the 2014 Crop Plan and Cash Flow Budget as presented to the Court on April 3, 2014.

(2) Upon Court approval of 2014 plan, Walker Land & Cattle must verify to CHS Capital possession of sufficient cash and cash collateral to support the plan as presented.

(3) Walker Land & Cattle shall provide CHS Capital satisfaction of any and all encumbrance allowing CHS Capital to secure a first DOT on 215.91 acres of land as detailed in the security/collateral section above.

(4) CHS Capital to be recognized by the Federal Bankruptcy Court as a Debtor In Possession / Crop Input Lender and be assured an unrestricted "Super Priority" first lien position on all 2014 crops and proceeds thereof until paid in full.

(5) Walker Land & Cattle to receive Federal Bankruptcy Court approval of their 2014 cash flow projections through and including scheduled timing of loan repayments to CHS Capital from 2014 crop sales.

(6) Walker Land & Cattle to provide CHS Capital with copies of monthly cash flow reports comparing Actual to Budgeted expenditures in accordance with the 2014 operating plan. Reports to be received by the 10th of each month.

(7) Walker Land & Cattle to obtain 2014 crop insurance at levels acceptable to CHS Capital and provide CHS Capital with an assignment of insurance.

(8) CHS Capital to conduct post-plant and post-harvest inspections of crop and inventory.

(9) CHS Capital to be included as payee on checks and payments from Barley sales as well as potato sales to Walker Produce Co.

2

Walker Land and Cattle, LLC
March 25, 2014

The material herein is confidential. CHS Capital looks forward to completing the due diligence requirements of this Conditional Commitment to provide crop input financing as set forth herein.

Sincerely,

*[signature: Jeff Hardin]*

Jeff Hardin
Relationship Manager
CHS Capital

3